NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3225

DIANE KING,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Diane King, of Tahlequah, Oklahoma, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3225

DIANE KING,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in AT1221060462-B-1.

_____

DECIDED: October 9, 2008

_____

Before MAYER, SCHALL, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Diane King appeals the final decision of the Merit Systems Protection Board (Board) dismissing her individual right of action (IRA) appeal for lack of jurisdiction. <u>King v. Dep't of Veterans Affairs</u>, 108 M.S.P.R. 576 (2008). Because the Board correctly concluded that Ms. King failed to set forth a nonfrivolous allegation that she engaged in whistleblowing activity by making a protected disclosure, we <u>affirm</u>.

BACKGROUND

At the time of the events at issue, Ms. King was a Medical Technologist in the Pathology and Laboratory Medicine Service at the Central Alabama Veterans Health

Care Systems in Montgomery, Alabama (the agency).[1] On August 22, 2005, Ms. King sent an e-mail to her supervisor, John A. Wilson, with the subject line "FW: GWEN FOSTER NEEDS TO BE FIRED." In the e-mail, Ms. King alleged that Ms. Foster, a phlebotomist employed by the agency, failed to timely collect two blood samples. (Resp't's App. 3 ("A STAT BLOOD CULTURE WAS ORDERED AT 1201. GWEN DID NOT COLLECT IT UNTIL 1420. A STAT CBC WAS ORDERED FOR 1200. GWEN DID NOT COLLECT IT.")). Contrary to Ms. King's allegations, the agency's investigation revealed that the orders to collect the two blood samples had been canceled. The agency concluded that Ms. King had made false statements regarding Ms. Foster, and it issued a notice of proposed reprimand on that basis on November 10, 2005. In reply to the proposed reprimand, Ms. King submitted an annotated version of her August 22, 2005 e-mail, reasserting that Ms. Foster failed to collect the two blood samples, but not addressing whether the orders to collect the samples had been canceled. After considering Ms. King's reply, the agency made the reprimand final on December 7, 2005.

On December 11, 2005, Ms. King filed a complaint with the Office of Special Counsel (OSC), claiming that her e-mail was a protected disclosure and that the reprimand constituted reprisal for whistleblowing. In her complaint to OSC, she identified four alleged whistleblower disclosures, including the August 21, 2005 e-mail: (1) reporting patient neglect and abuse on October 30, 2005; (2) reporting patient neglect on August 21, 2005; (3) reporting that an agency director lied to the agency's

---

[1] The agency later removed Ms. King from her position for other misconduct. We affirmed the removal in King v. Department of Veterans Affairs, No. 2008-3043, 2008 U.S. App. LEXIS 9839 (Fed. Cir. May 6, 2008).

inspector general on July 29, 2005; and (4) reporting patient neglect on October 14, 2004 through July 28, 2005.

After exhausting her administrative remedies with OSC, Ms. King filed an IRA appeal to the Board. In an initial decision, issued July 17, 2006, the AJ denied Ms. King's request for corrective action because the agency had shown that it would have taken the same personnel action in the absence of Ms. King's alleged protected disclosure. Following Ms. King's petition, the Board ruled that the AJ should have examined the Board's jurisdiction before considering the merits of the appeal. King v. Dep't of Veterans Affairs, 105 M.S.P.R. 21, 25 (2007). The Board was unable, however, to determine its jurisdiction because the OSC complaint lacked sufficient information, and the AJ had never put Ms. King on notice of what she must do to establish jurisdiction. Id. at 27-29. The Board vacated the initial decision and remanded the appeal to the AJ to determine whether the Board had jurisdiction over Ms. King's petition. Id. at 29.

After the AJ provided Ms. King with notice of the jurisdictional requirements on February 27, 2007, Ms. King submitted a large number of documents that the AJ found to be unrelated to the issue of jurisdiction. In his second initial decision, issued June 5, 2007, the AJ dismissed the appeal for lack of jurisdiction because Ms. King failed to set forth a nonfrivolous allegation that any of the specific disclosures set forth in her OSC complaint were protected or were a contributing factor in her reprimand. King v. Dep't of Veterans Affairs, No. AT-1221-06-0462-B-1, 2007 MSPB LEXIS 1730, at *4-5 (June 5, 2007).

Ms. King filed a petition for review of the second initial decision, which was denied on October 18, 2007. King, 108 M.S.P.R. 576. Ms. King now timely appeals.

DISCUSSION

The scope of the Board's jurisdiction is a question of law, which we review de novo. Johnston v. Merit Sys. Prot. Bd., 518 F.3d 905, 909 (Fed. Cir. 2008) ("The board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdiction by law, rule or regulation."). Ms. King has the burden of proving that the Board has jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i).

The Board has jurisdiction over an IRA appeal if the appellant exhausted her administrative remedies before the OSC and makes "non-frivolous allegations" that (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Because the agency stipulated that Ms. King exhausted her administrative remedies before the OSC, the only question on appeal is whether she set forth a nonfrivolous allegation that she engaged in whistleblowing activity by making a protected disclosure.

The Board reviews the evidence submitted by Ms. King to ascertain whether it was reasonable to believe that any of Ms. King's disclosures qualified as a protected disclosure under 5 U.S.C. § 2302(b)(8):

> (A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences --
> (i) a violation of any law, rule, or regulation, or

(ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. . . .

Lachance v. White, 174 F.3d 1378, 1380-81 (Fed. Cir. 1999); see also Huffman v. Office of Pers. Mgmt., 92 M.S.P.R. 429, 433 (2002) ("To establish that he held such a reasonable belief, an appellant need not prove that the condition disclosed actually established one or more of the listed categories of wrongdoing, but he must show that the matter disclosed was one which a reasonable person in his position would believe evidenced one of the situations specified in 5 U.S.C. § 2302(b)(8).").

We agree with the Board that the evidence submitted by Ms. King was insufficient to establish that it was reasonable to believe that Ms. King's disclosures evidenced one of the defined types of misbehavior. With regard to the report of patient neglect and abuse on October 30, 2005, and the report(s) of patient neglect on October 14, 2004 through July 28, 2005, Ms. King provides no information other than the bare allegations that she made protected disclosures on those dates. Because she failed to provide any information bearing on the content of these disclosures necessary to evaluate them under Lachance, Ms. King failed to set forth a nonfrivolous allegation with regard to these disclosures. Similarly, with regard to the report that an agency director lied to the agency's inspector general on July 29, 2005, Ms. King provided nothing other than a bare allegation in her complaint to OSC. In a pleading dated April 23, 2006, she elaborated somewhat on the circumstances surrounding the alleged lie, but nonetheless failed to set forth a nonfrivolous allegation with regard to this disclosure.

Ms. King's most detailed allegation relates to her August 21, 2005 e-mail. In the e-mail, Ms. King reports that Ms. Foster failed to comply with orders to collect blood samples. What Ms. King did not do—in her complaint to OSC, her e-mail, or in her

reply to the proposed reprimand—is explain or provide facts indicating why Ms. Foster's alleged behavior was at all problematic. Ms. King does not disclose how she became aware of the orders, whether she was aware that the orders had been canceled, the nature of Ms. Foster's alleged failure, or the relevance of Ms. Foster's alleged failure to the categories of misbehavior enumerated in 5 U.S.C. § 2302(b)(8). Lacking information of this sort, Ms. King has failed set forth a nonfrivolous allegation with regard to her August 21, 2005 disclosure.

Because the Board correctly concluded that Ms. King failed to set forth a nonfrivolous allegation that she engaged in whistleblowing activity by making a protected disclosure the decision of the Board is affirmed.

COSTS

No costs.